Justine FISCHER, Hal Buttery and Emil Whitman, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Victor D. ALHADEFF, et al., Defendants.

No. C89–1061R.

United States District Court, W.D. Washington, at Seattle.

July 20, 1990.

**586**

David Bateman, Evan Schwab, Arthur Claflin, Bogle & Gates, Seattle, Wash., for Alhadeff, Orban, Sloan and Egghead Software.

Janice Wang, J. Thomas Richardson, Laura Cromwell, Cairncross, Ragen & Hempelmann, P.S., Seattle, Wash., for Stuart Rosenwald.

George Greer, Otto Klein, Thomas Brewer, Heller, Ehrman, White & McAuliffe, Seattle, Wash., for Steve Lebow.

Roy Moceri, Stephen Todd, Reed McClure Moceri Thonn & Moriarty, Seattle, Wash., for First Boston Corp. and Donaldson, Lufkin & Jenrette.

## ORDER GRANTING MOTIONS FOR RECONSIDERATION OF SANCTIONS ORDER

ROTHSTEIN, Chief Judge.

THIS MATTER comes before the court on plaintiffs' motion for reconsideration of the court's order granting sanctions. Having reviewed the motion, together with all documents filed in support and in opposition, and being fully advised, the court finds and rules as follows:

## I. BACKGROUND

The law firms Betts Patterson & Mines and Milberg Weiss Bershad Specthrie & Lerach have moved for the court's reconsideration of its order of sanctions against them which was entered May 18, 1990 [1]. 131 F.R.D. 188. The order of sanctions was based on plaintiff Steven Goldman's violation of the court's previous discovery order issued telephonically on April 23, 1990. Pursuant to Fed.R.Civ.P. 60(b), the law firms ask the court to reconsider its findings that these two firms wilfully violated the court's order.

The background facts in this case are more fully set forth in the Order Granting Defendants' Motion for Sanctions and Denying Plaintiff's Cross–Motion for Order of Criminal Contempt, and are incorporated by reference. Pursuant to Fed.R.Civ.P. 37, the court imposed sanctions upon Goldman and all his counsel of record for Goldman's failure to appear at his deposition scheduled April 24, 1990, and to produce certain documents. Based on the evidence before it at the time, the court concluded that all Goldman's counsel participated jointly in the decision to not have Goldman take part in the deposition.

Betts Patterson & Mines has now come forth with new evidence that lead counsel, Steven Berman, did not participate in the wilful violation of the court's discovery order. The Milberg Weiss law firm reiterates its position that it also did not participate in the decision to violate the court's order. The firm Barrack Rodos & Bacine confirms that it was sole counsel to Goldman on the decision not to participate in the deposition.

In his new Affidavit submitted with this motion, Berman recounts the events leading up to the scheduled April 24, 1990 deposition. Berman states that after the conference call concluded with the court on April 23, 1990, he had several telephone conferences with Gerald Rodos of the Barrack Rodos firm, regarding how Goldman would comply with the court's orders. During these discussions, Berman says there was no hint or discussion that Goldman would not comply. Berman believed that Goldman would comply with the order.

---

1. The order of sanctions included the law firm Barrack Rodos & Bacine and plaintiff Steven Goldman. Goldman and this firm have not moved for reconsideration of the order.

On the morning of April 24, Berman was informed for the first time that Goldman had decided, based on counsel by Rodos, that he would not comply. Berman says that he tried to convince Rodos to have Goldman comply, and expressed his disagreement with the decision. Rodos said the position was unalterable.

At the deposition, a statement was read into the record, that included the information that Berman had "conferred" with the other counsel. Berman now clarifies that while he conferred with counsel, he did not agree with the decision and had, in fact, counseled against such a position. However, he felt ethically bound to not put his objection on the record on the morning of April 24, because to do so would undermine his client's position at that time.

Berman maintains that he faced an ethical dilemma between his obligation not to reveal the disagreement between his client's co-counsel and his duty to present a complete record to the court. He concludes that because of this dilemma, he was unable until now to show the court that he did not wilfully violate the court's order. Further, because he did not wilfully violate the order, he should not be punished with sanctions. Finally, Berman and Betts Patterson argue that the negative inferences adopted by the court in the sanctions order should not be applied to the firm, particularly as they go to the issue of adequate representation in the class certification motion.

## II. DISCUSSION

Fed.R.Civ.P. 60(b)(6) provides that the court may relieve a party's legal representative from an order for any reason justifying relief, upon a motion filed within a reasonable time.

The court recognizes the ethical dilemma in which Berman found himself, and upon review of this new information, the court agrees to reconsider its previous sanctions order against Berman and his firm. The

court also agrees that Berman was not in a position to bring this information to the court any earlier[2], and will not penalize him for waiting until the sanctions motion was resolved before coming forth with his full statement of the events surrounding the April 24 deposition.

Now that the court has the full record of events before it, it is clear that Barrack Rodos & Bacine was the sole counsel involved with Goldman's decision to wilfully violate the court's discovery order. Therefore, the court will not assess sanctions against Steven Berman or Betts Patterson & Mines, nor against Milberg Weiss Bershad Specthrie & Lerach. Further, no adverse inferences will be established against either Betts Patterson or Milberg Weiss. The sanctions previously ordered by the court remain in effect against plaintiff Steven Goldman and Barrack Rodos & Bacine.

THEREFORE, it is now ordered that plaintiffs' motions for reconsideration of the court's May 18, 1990 sanctions order are GRANTED.

---

**2.** Berman's affidavit in the original sanctions motion *did* indicate that he did not participate in the decision, although he did not elaborate on the confidential details of the disagreement between counsel. The court understands why it was provided with a less than complete record with the earlier motion.